**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0299n.06

Case No. 19-5712

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 28, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LORRAINE CARRETHERS, | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| RYAN MCCARTHY, Secretary of the Army, | ) | KENTUCKY |
|     Defendant-Appellee. | ) | |

BEFORE: GRIFFIN, THAPAR, and READLER, Circuit Judges.

THAPAR, Circuit Judge. The Army fired Lorraine Carrethers (a civilian employee) after it concluded that her complaints about alleged workplace harassment were baseless. She then sued the Army for retaliation. The district court rejected her claim, reasoning that it's not illegal to fire an employee for abusive complaints. We affirm.

Carrethers used to work for the Army as an IT specialist. In the last year and a half of her employment, Carrethers repeatedly accused her supervisors and other coworkers of various sorts of harassment. Her allegations were never substantiated, prompting a warning and then a reprimand about these seemingly unfounded complaints.

Carrethers then filed yet another set of allegations against her immediate supervisor. This time, the Army appointed an officer to investigate. After interviewing Carrethers, this officer thought it "extremely clear" that she was "mak[ing] things up." But the officer didn't stop there. He also interviewed fourteen other employees who Carrethers said could verify her claims. As it

turned out, they contradicted her claims. A few of them added that Carrethers's tendency to claim harassment had made them uncomfortable working with her.

Given this evidence, the investigating officer concluded that Carrethers was abusing the complaint system to distract from her poor work performance. His conclusions were reported up the chain of command, and the Adjutant General made the decision to fire Carrethers.

Carrethers then sued the Secretary of the Army under Title VII of the Civil Rights Act, alleging that her termination was illegal retaliation for her complaints. The district court granted summary judgment to the Secretary. This appeal followed.[1]

As relevant here, Title VII forbids retaliation against an employee for "oppos[ing] any . . . unlawful employment practice." 42 U.S.C. § 2000e-3(a). Retaliation claims follow a familiar burden-shifting framework. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000). To survive summary judgment, a plaintiff must at least establish a "prima facie case" by showing that: (1) she engaged in protected Title VII activity; (2) the defendant knew of this protected activity; (3) the defendant took adverse employment action against her; and (4) there was a causal connection between the protected activity and the adverse action. *Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 613 (6th Cir. 2019). If the employer points to a "legitimate, non-retaliatory reason" for the adverse action, then the plaintiff must *also* provide evidence that (5) the proffered reason is a mere "pretext," not the real motive. *Id.* at 613–14 (cleaned up).

There's no real factual dispute in this case about motive: no one disputes that the Army fired Carrethers because it determined that her allegations were bogus. Instead, Carrethers argues that this reason does not qualify as legitimate and non-retaliatory as a matter of law.

---

[1] At the time of appeal, the Secretary of the Army was Mark T. Esper. Since then, Ryan McCarthy succeeded Esper and was automatically substituted as defendant-appellee. *See* Fed. R. App. P. 43(c)(2).

This case, then, comes down to a straightforward question: may an employer legitimately fire an employee if it honestly believes that the employee falsified misconduct allegations? There's ample caselaw saying yes. *See, e.g.*, *Fuelling v. New Vision Med. Labs. LLC*, 284 F. App'x 247, 256 (6th Cir. 2008); *see also Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 903–04 (4th Cir. 2017); *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 416–17 (8th Cir. 2010); *Richey v. City of Independence*, 540 F.3d 779, 785 (8th Cir. 2008); *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176 (11th Cir. 2000); *Wilson v. UT Health Ctr.*, 973 F.2d 1263, 1268 (5th Cir. 1992). And common sense tells us that *must* be the right answer. After all, groundless complaints defame innocent coworkers, undermine trust in the workplace, and waste resources. It only gets worse when (as here) the employee seems to have made a habit of making things up. So of course employers are allowed to fire such employees.

What does Carrethers have to say about this? Relying mainly on one out-of-circuit case, she argues that an employer's disbelief in a complaint is "not sufficiently independent" from protected activity to count as a legitimate, non-retaliatory reason. *Gilooly v. Mo. Dep't of Health & Senior Servs.*, 421 F.3d 734, 740 (8th Cir. 2005) (cleaned up). The argument goes like this: the Army fired Carrethers because of her complaints—that's undisputed. Carrethers's complaints were protected activity—at least, a jury could find as much if it believed Carrethers's testimony that she made her complaints in good faith. *See Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 469 (6th Cir. 2012). Thus, a jury could find that the Army fired Carrethers because of protected activity—which is retaliation, not a legitimate reason.

The problem with this argument? It entirely ignores the *employer's* perspective. And as a result, it elides the all-important question of *motive*. *See Villa*, 858 F.3d at 901; *Richey*, 540 F.3d at 784; *see also Tillman v. Ohio Bell Tel. Co.*, 545 F. App'x 340, 351 (6th Cir. 2013) (noting that

a retaliation claim "inherently demands an employer's culpable mental state"). Even if Carrethers made her complaints in good faith, the Army fired her because it thought that they were *not* in good faith. That proffered reason is legitimate and non-retaliatory. *See Villa*, 858 F.3d at 901 ("If an employer . . . never realized that its employee engaged in protected conduct, it stands to reason that the employer did not act out of a desire to retaliate for [that] conduct[.]"). And since Carrethers does not argue pretext, there is nothing more to say.

We affirm.